# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF HAMPDEN, SEPTEMBER TERM 1871, AT SPRINGFIELD.

—————

PRESENT:

Hon. REUBEN A. CHAPMAN, CHIEF JUSTICE.
Hon. HORACE GRAY, JR., ⎱
Hon. SETH AMES,         ⎰ JUSTICES.
Hon. MARCUS MORTON,

—————

## COMMONWEALTH *vs.* FREDERICK WHITCOMB.

An indictment will lie on the Gen. Sts. *c.* 161, § 54, for obtaining money as a charitable gift by false pretences.

CHAPMAN, C. J. By the Gen. Sts. *c.* 161, § 54, whoever " designedly, by a false pretence or by a privy or false token, and with intent to defraud, obtains from another person any property," &c., " shall be punished," &c. The defendant falsely pretended to the Reverend Mr. Peck, a Methodist clergyman, that he was himself a Methodist clergyman, and pastor of a Methodist church in Waterville, Kansas, and that on the preceding Lord's day he had preached in the church of the Reverend Charles Fowler, of Chicago ; that he was poor, penniless and utterly destitute, and had that day been robbed of all his money ; and he thereby obtained of Mr. Peck six dollars as a charity. He afterwards

admitted that these representations were false. His only defence is, that the statute does not include cases where the money is parted with as a charitable donation.

But it is obvious that the case comes within the words of the statute. It comes also within the reason of the statute. There is as much reason for protecting persons who part with their money from motives of benevolence, as those who part with it from motives of self-interest. The law favors charity as well as trade, and should protect the one as well as the other from imposture by means of false pretences. Obtaining money by means of letters begging for charity on false pretences is held to be within the English statute, (7 & 8 Geo. IV. c. 29, § 53,) which is quite similar to ours. *Regina* v. *Jones*, 1 Denison, 551. *Regina* v. *Hensler*, 11 Cox Crim. Cas. 570.

A contrary doctrine has been held in New York. *People* v. *Clough*, 17 Wend. 351. The court admitted that the crime was of a dark moral grade, and was within the words of the statute of New York, which was copied from the English statute of 30 Geo. II. c. 24. They adopted that construction chiefly on the ground that the preamble to the statute referred to trade and credit. But our statute, like the existing English statute, refers to no such matter, and is not restricted by any preamble.

*Exceptions overruled.*

*J. E. McIntire*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.