167    315
169    388

## TOWNS v. THE STATE.

[No. 20,779. Filed November 1, 1906.]

1. CRIMINAL LAW.—*Larceny.*—*Felonious Intent.*—*Contributions.*—*Religious Associations.*—The soliciting and receipt of money, by defendant, at a church, with the intent to appropriate such

money to his own use, falsely representing to the contributors that such money was to be used for a certain benevolent purpose, constitute the felonious elements of larceny.    p. 317.

2.  CRIMINAL LAW. — *Larceny.* — *Voluntary Contributions.* — The fact that contributors voluntarily gave their money to defendant, with no expectation of its return, at a church contribution, upon the false representation that such money was received for, and was to be used in, the erection of a certain building for benevolent purposes, is no defense to a charge of larceny, where defendant so falsely received such money with the felonious intent to appropriate it to his own use.    p. 318.

3.  SAME. — *Larceny.—Fraud.—Trick.—Possession.—Trespass.— Title.*—The receipt of money by means of a trick or device, where defendant had a preconceived design to steal same, is larceny, since the possession so obtained is not legal and the owner retains the constructive possession of such money, a conversion thereof constituting a trespass, and therefore larceny. p. 318.

4.  SAME.—*Larceny.—Evidence.—Sufficiency.*—Where defendant secured permission from the pastor of a church upon the false representation that he represented a certain benevolent enterprise, and falsely took a collection for such purpose, appropriating the money so collected to his own use, he is properly convicted of larceny.    p. 318.

5.  EVIDENCE.—*Declarations.—Larceny.*—Evidence of the declarations of defendant, charged with the larceny of certain contributions received by him upon his false representation that such money was to be used in the work of a certain benevolent enterprise, as to the institution with which he was connected in the raising of such money, is admissible.    p. 318.

From Criminal Court of Marion County (35,084) ; *Fremont Alford,* Judge.

Prosecution by the State of Indiana against Charles H. Towns.    From a judgment of conviction, defendant appeals.    *Affirmed.*

*Foster C. Sherley,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

HADLEY, J.—Appellant obtained consent of the pastor of Grace Presbyterian church to occupy his pulpit, and

make an appeal to the public for voluntary contributions for the building, at Jeffersonville, Indiana, of a mission home for ex-convicts, by falsely representing to the pastor that he was the general secretary and representative of a national organization of Christian workers, with headquarters at Battle Creek, Michigan, and that the object of said organization was to construct such homes in various parts of the country, and that his mission in Indianapolis was to raise funds for a home in Jeffersonville, which would cost $1,500, and that he had at the time in hand or pledged $1,100 of the amount. At a public meeting in the church appellant addressed the audience at length, repeating the representations he had made to the pastor, and, after an earnest plea as to the merits of his mission, requested persons in his audience to make cash contributions, or sign pledge cards if not prepared with the money. There was no such organization at Battle Creek, Michigan, as appellant claimed to represent. He afterward told the detective who made the arrest that he had collected $97, all of which, except $8, he had kept for expenses, and the balance he had forwarded to the secretary and treasurer of the Christian Aid Society at Battle Creek, Michigan. The prosecuting witness, with others, believing the statements and representations and relying thereon, made a contribution of money.

Appellant was indicted and convicted of petit larceny, and assigns as error the refusal of the court to grant him a new trial. The real question is whether appellant's offense was larceny or obtaining money under false pretense.

Under the facts disclosed by the evidence and stated above there can be no doubt but that the defendant had formed the design to obtain money by deception, to

1. appropriate what he got to his own use, and to deprive the contributors of it. These purposes existing in his mind at the time he solicited and received the

money constituted the felonious elements of larceny. *Fleming* v. *State* (1894), 136 Ind. 149.

That the money was given up with the owner's consent and without expectation of its return can make no difference, if the possession was obtained by a fraudulent trick or deception, and with the felonious intent not to return it, nor use it for the purpose represented by him and intended by the contributors, but to appropriate it to the taker's own use. *Stillwell* v. *State* (1900), 155 Ind. 552, 559; *Crum* v. *State* (1897), 148 Ind. 401, 407; *March* v. *State* (1889), 117 Ind. 547.

The reason of the rule is thus stated: "Where the defendant, with a preconcerted design to steal the property, obtains possession of it by fraud, the taking is larceny, for the reason that, as the fraud vitiated the transaction and left the title in the original owner, he still retains a constructive possession of the goods, and a conversion of them by the defendant is such a trespass to that possession as makes larceny." Gillett, Crim. Law (2d ed.), §540. There was evidence justifying the jury in finding the defendant guilty of larceny.

While the State was delivering its evidence, a witness on direct examination, after testifying to certain statements made by the defendant, was asked by the prosecuting attorney the following question: "You may state what he said, if anything, as to what institution he was connected with in raising the money." All the evidence goes to show that appellant represented publicly and privately that he was the agent and general secretary of a benevolent association at Battle Creek, Michigan, and it was the theory of the State that this representation was false, and but a part of the defendant's scheme to deceive the people. In support of the theory the question was proper.

Judgment affirmed.