## ROBERTS v. STATE OF INDIANA.

[No. 22,418.     Filed April 23, 1914.]

1. LARCENY.—*Petit Larceny.*—*Indictment.*—An indictment for the larceny of a bank check for the sum of $200 is sufficient without charging that there were funds in the bank to meet the check, since the felonious taking of a check would amount to petit larceny under §2270 Burns 1914, Acts 1907 p. 86, if its value was less than $25, and the question of the value of such an instrument is for the determination of the jury.  p. 521.

2. LARCENY.—*Taking Bank Check.*—*Indictment.*—*Sufficiency.*—An indictment for the larceny of a bank check is not insufficient for failing to aver that accused cashed the check, or presented it for payment, and because the check described could not have been cashed by him, since to constitute the crime of larceny it is not necessary that the taking be for purposes of gain to the thief, or of another.  p. 521.

3. LARCENY.—*Obtaining Property by False Pretense.*—*Distinction.*—The taking of property will amount to larceny, if by means of any trick or artifice the owner is induced to part with the possession only, still meaning to retain the right of property; but if the owner part with both the possession of the goods and the right of property therein, the offense is that of obtaining property by false pretense.  p. 523.

4. LARCENY.—*Evidence.*—*Sufficiency.*—Evidence showing that the accused, who was charged with the larceny of a bank check, sold stock to the prosecuting witness by means of fraudulent representations as to its value and earning capacity, that the check was executed in payment for such stock, and made payable to the order of the company represented by accused, and that the maker on delivering the check to accused intended to invest the company with the title to the check, does not authorize a conviction for the crime of larceny.  p. 524.

From Criminal Court of Marion County (41,232); *Joseph T. Markey*, Judge.

Prosecution by the State of Indiana against Daniel P. Roberts.  From a judgment of conviction, the defendant appeals.  *Reversed.*

*U. Z. Wiley*, for appellant.

*Thomas M. Honan*, Attorney-General, and *Thomas H. Branaman*, for the State.

MORRIS, C. J.—Appellant was convicted of the crime of grand larceny. The indictment contains a single count, and charges that appellant stole a certain check, for the payment of $200, averred to have been the property of Frank T. Dowd, and of the value of $200. A copy of the check is set out in the indictment, and reads as follows:

"Fidelity Trust Company, No. ——.
Indianapolis, Indiana, July 16, 1912.
Pay to the order of Great Western Life Assurance Company ($200.00) Two Hundred and 00/100 Dollars.
Frank T. Dowd."

Appellant moved to quash the indictment for the alleged reason that the facts stated do not state a public offense. The overruling of this motion is here assigned as error.

Appellant claims the indictment is insufficient because it fails to allege that Dowd had funds in the bank to meet the check. Section 2122 Burns 1914, Acts 1905 p. 584, §246, makes a bank check the subject of larceny. Stealing personal property of the value of $25 and upwards constitutes grand larceny. §2269 Burns 1914, Acts 1905 p. 584, §377. If the value of the stolen property be under $25, the crime is petit larceny. §2270 Burns 1914, Acts 1907 p. 86. The indictment here avers that the value of the check was $200. This court has held that the value of such an instrument is for the determination of the jury. *Burrows* v. *State* (1894), 137 Ind. 474, 476, 37 N. E. 271, 45 Am. St. 210. Even if there had been no funds in bank to meet the check, its felonious taking would have constituted petit larceny, under our statute, and that renders the indictment sufficient to repel the motion to quash that was here interposed. Appellant also assails the indictment because it does not aver that appellant cashed the check, or presented it for payment; and, because the check, being payable to the order of a third party, could not have been cashed by appellant. To constitute the crime of larceny it is not necessary that the

taking be for purpose of gain to the thief. *Best* v. *State* (1900), 155 Ind. 46, 57 N. E. 534. If the purpose be to deprive the owner of the property stolen, it is immaterial whether the thief steals it for his own use or that of another. Gillett, Crim. Law (2d ed.) §§545, 546. There was no error in overruling appellant's motion to quash.

Counsel for appellant earnestly contends that there is no evidence to sustain a finding of guilty of the crime of larceny, and that if there is evidence of any crime, it is that of obtaining property by false pretense. Considering only the evidence most favorable to the prosecution, the trial court was warranted in finding the following facts: appellant went to the prosecuting witness, Dr. Dowd, and offered to sell him stock in a life insurance company, then being organized in Terre Haute, known as the Great Western Life Assurance Company, and represented to him that said company, on the completion of its organization, would take over the assets and business of a life insurance company called the Great Western Life Insurance Company; that the latter company had a premium income of $40,000, and, by taking over said business, the new company would be enabled to pay an eight per cent dividend on its capital stock from the start. The witness relied on the representations, and, by reason thereof subscribed for a block of the offered stock. The check in question was executed sometime afterwards, in part payment of the stock subscription. The representations in regard to the income of the Great Western Life Insurance Company were false. Its income was less than $900 per annum. At the time of the trial, a receiver was in control of the assets of the Great Western Life Assurance Company. Dowd wrote and signed the check, payable to the assurance company, and delivered it to appellant with instructions to give it to the company, for credit on his stock subscription. Appellant, who was the agent of the company for the sale of its capital stock, delivered the check to the proper officers of the corporation who cashed the

same and credited Dowd's subscription with the sum of $200.

In relation to the title to the check, the prosecuting witness testified as follows: "Q. Doctor, when you gave this check marked State's Exhibit A on the 16th day of July, 1912, you turned that over to Mr. Roberts? A. First check? Q. The check for $200 mentioned in the indictment. A. I did. Q. Turned it over to Mr. Roberts voluntarily? A. Yes, sir. Q. In part payment of your stock? A. Yes, sir. Q. Did you intend thereby to transfer the title of the check to him or the company? A. To the company. Q. You intended to transfer the title to the company at that time? A. Yes, sir."

The distinction between the crime of larceny and that of obtaining property by false pretense is concisely and accurately stated by Mr. Russell, in his work on crimes, as follows: "If by means of any trick or artifice the

3. owner of property is induced to part with the possession only, still meaning to retain the right of property, the taking by such means will amount to larceny; but if the owner part with, not only the possession of the goods, but the right of property in them also, the offense of the party obtaining them will not be larceny, but the offense of obtaining goods by false pretenses." Russell, Crimes (9th Am. ed.) 200. This distinction has been recognized by this court whenever the question has been presented. *State* v. *Styner* (1900), 154 Ind. 131, 56 N. E. 98; *Towns* v. *State* (1906), 167 Ind. 315, 78 N. E. 1012, 119 Am. St. 501; *Williams* v. *State* (1905), 165 Ind. 472, 75 N. E. 875, 2 L. R. A. (N. S.) 248; *Crum* v. *State* (1897), 148 Ind. 401, 47 N. E. 833; *Perkins* v. *State* (1879), 65 Ind. 317. In the last case cited, it was said: "It is doubtless true in many cases, that, where a party obtains possession of property from the owner, with his consent, by a fraudulent trick or device, with the felonious intent to deprive the owner thereof, he may be guilty of larceny. *Huber* v. *State* [1877], 57

Ind. 341, [26 Am. Rep. 57]. But, so far as we are advised, this has never been held to be the case where the owner voluntarily parts with the possession, for the purpose and with the intention of parting with the title, without any expectation of its being returned, though he may have been induced thereto by the fraud of the person to whom the possession and title have been transferred.'' This doctrine meets the approval of courts of other jurisdictions. See note to *People* v. *Miller* (1902), 88 Am. St. 571, 572.

It is manifest that when Dr. Dowd delivered the check to appellant it was intended by the doctor to invest the company with the title to the check, and consequently

4.  appellant was not guilty of larceny, regardless of any fraud on his part that induced the doctor to part with the title to the check. It may happen that in some cases the line of demarcation between the crimes of larceny and false pretense will be difficult of tracing, but our statute (§2056 Burns 1914, Acts 1905 p. 584, §185) provides that an indictment for larceny may contain a count for obtaining the same property by false pretense, and because of this provision no serious evil should result from such difficulty.

Other questions are presented by appellant's brief, but their consideration is rendered unnecessary by our conclusion that there is a total lack of evidence to support the charge of larceny. Judgment is reversed with instructions to grant appellant's motion for a new trial.

NOTE.—Reported in 104 N. E. 970. As to the question of intent in larceny, see 88 Am. St. 600. As to the distinction between larceny and obtaining property by false pretenses, see 2 Ann. Cas. 1010. For a discussion of an undelivered check as the subject of larceny, see 18 Ann. Cas. 138. See, also, under (1) 25 Cyc. 86, 146; (2) 25 Cyc. 52; (3) 25 Cyc. 10, 69; (4) 25 Cyc. 33.