## STATE v. ELWOOD W. WORMAN.

Submitted December 2, 1915—Decided March 6, 1916.

Knipper was proprietor of a tavern; Drecher, his grandfather, was his agent in actual charge. The defendant suggested to Drecher, and afterward to Knipper, that he had evidence which would justify criminal proceedings against them and exhibited to them affidavits he had procured. The indictment was for obtaining cash and a note by falsely pretending that the defendant represented the prosecutor of the pleas and for money could secure immunity from arrest and freedom from prosecution. *Held,* that it was proper, for Knipper to testify that he gave Worman the note because he understood from his grandfather that he had to do it to protect himself. *Held, also,* that a reasonably honest or ordinarily prudent man might have parted with his money on the faith of the false pretence. *Held, also,* that the act as to obtaining property by false pretence is not limited to the protection of persons in commercial dealings. *Held, also,* that a charge that there must be a false pretence with intent to defraud; that if the intent and the false pretence is made out the case is brought within the statute; that whenever a person fraudulently represents as an existing fact that which is not a fact, and so gets money, it is an offence within the statute, accompanied by a further charge that the false verbal representations must be sufficient in reason to be the means of defrauding a person of ordinary understanding, is a proper charge and is not vitiated by a remark of the judge that the intent is all that is required.

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the state, *Charlton A. Reed.*

For the defendant, plaintiff in error, *Elmer King* and *Frederic B. Scott.*

The opinion of the court was delivered by

SWAYZE, J. The defendant was convicted of obtaining by false pretences cash and a note from Knipper. Knipper was

proprietor of a tavern where dances took place.  Drecher, his grandfather, was his agent in actual charge.  Worman suggested to Drecher, and afterward to Knipper, that he had evidence which would justify criminal proceedings against them and exhibited to them affidavits he had procured.  The false pretences were that Worman represented the prosecutor of the pleas and for money could secure immunity from arrest and freedom from prosecution.

1. The first error relied on is that counsel for the state was allowed to ask leading questions on crucial points.  Some of the questions, undoubtedly, came near the border line of the discretion necessarily allowed in this matter, but we are not persuaded that there was abuse of that discretion.

2. Knipper was asked why he gave Worman the note and answered, "Because, as I understood my grandfather, I had to do it to protect myself."  As Worman's first attempt was made with the grandfather, the actual manager of the hotel, and was followed by a conversation with Knipper, we think the inquiry was permissible.  It tended to prove the fact that Knipper was influenced to give the note by Worman's false pretences.  We cannot distinguish between what was said to the agent to induce action by the principal and what was said to the principal himself.

3. We see no objection to the statement of the prosecutor to the witness Bowers that she didn't have to give the exact date.  However important it may have been to fix the date when the crime was committed, it was not necessary that every witness should be able to testify to the exact date of every fact.

4. The defendant was not prevented from fully explaining his defence.  The truth of the affidavits procured by him, and his explanation of his failure to have warrants issued for the arrest of the proprietor of the hotel, did not bear upon the issue in the case, which was whether he had procured the cash and note by falsely pretending that he represented the prosecutor and could secure Knipper immunity from arrest and freedom from prosecution.

5. We think a reasonably honest or ordinarily prudent man might have parted with his money on the faith of the false pretence. The question is not whether Knipper and Drecher knew that the statements contained in the affidavits submitted by Worman were false. The question is whether they might reasonably believe Worman's own statement that he represented the prosecutor and could secure them immunity. There can be no doubt that the jury was justified in finding that their belief in these pretences was the moving cause that led to the payment of the cash and the giving of the note. It was not essential to prove that the cash was Knipper's property; it was enough to prove that he was induced to give the note by the false pretences. There was, however, enough in the case to justify the finding that the cash was his.

6. A novel contention is made that the act as to obtaining property by false pretences was purely for the protection of persons in commercial dealings. Some countenance is given to this contention by the decision of the New York Supreme Court in *People* v. *Clough*, 17 *Wend.* 350. Judge Cowen admits that the words of the statute are broad enough to include the case of alms secured by the false pretences of a beggar, but he held, speaking for the court, that the meaning of the words was to be limited by the preamble to the statute. We have no such preamble in our statute and the argument fails. The decision in People *v.* Clough is opposed to the great and otherwise unanimous, weight of authority. *Commonwealth* v. *Whitcomb*, 107 *Mass.* 486; *Queen* v. *Jones*, 19 *L. J. M. C.* 162; *Queen* v. *Hensler*, 11 *Cox C. C.* 570; *State* v. *Styner*, 56 *N. E. Rep.* 98.

7. There was no abuse of discretion in refusing to allow the case to be reopened for new evidence after the counsel for defendant had summed up to the jury.

8. The criticism of the charge is not warranted. The judge charged that there must be a false pretence with intent to defraud; that if the intent and the false pretence is made out the case is brought within the statute; that whenever a person fraudulently represents as an existing fact that which is not a fact, and so gets money, that is an offence within the statute.

His subsequent remark that the intent is all that is required must be read in connection with what immediately preceded it. He also charged that the false verbal representations must be sufficient in reason to be the means of defrauding a person of ordinary understanding.

9. The suggestion that an issue to be tried was that of a conspiracy to convict the defendant does not merit any comment.

The judgment is affirmed.