## ANDERSON *v.* STATE OF INDIANA.

### [No. 23,376.   Filed February 8, 1918.]

1. INTOXICATING LIQUORS.—*Keeping Place.—Nature of Offense.* —Under §8351 Burns 1914, Acts 1907 p. 689, the keeping, running or operating of a place where intoxicating liquors are sold in violation of law is a continuing offense.   p. 95.

2. INTOXICATING LIQUORS. — *Keeping Place. — Gravamen of Offense.—Proof.*—Under §8351 Burns 1914, Acts 1907 p. 689, the keeping and operating of a place where intoxicating liquor is sold in violation of the laws of the state is the gravamen of the offense; hence evidence of all kinds of unlawful sales is admissible in support of the charge and no specific sale, nor the violation of any specific statute, need to be charged or proved.   p. 96.

3. INTOXICATING LIQUORS.—*Sale Near Military Home.—Gravamen of Offense.*—Under §2498 Burns 1914, Acts 1905 p. 723, the keeping of the place where intoxicating liquor is sold within one mile of a military home is the gravamen of the offense, and a sale at a place kept or operated within the prescribed area would necessarily be in violation of the law of the state.   p. 96.

4. CRIMINAL LAW.—*One Prosecution as Bar to Another.—Test.* — When the facts necessary to convict on a second prosecution would necessarily have convicted on the first, a final judgment on the first will be a bar to the second; but if the facts necessary to convict on the second prosecution would not necessarily have convicted under the first, the first prosecution will not be a bar to the second although the offenses charged may have been committed by the same state of facts.   p. 97.

5. CRIMINAL LAW. — *One Prosecution as Bar to Another.* — A prosecution for operating a place where intoxicating liquors were sold in violation of the laws of the state, under §8351 Burns 1914, Acts 1907 p. 689, was a bar to a second prosecution based on §2498 Burns 1914, Acts 1905 p. 723, since the proof, under the second charge, that the accused kept a place where intoxicating liquors were sold within one mile of a military home would have sustained, without other proof, a conviction in the first prosecution.   p. 98.

From Grant Circuit Court; *J. F. Charles,* Judge.

Prosecution by the State of Indiana against Hank Anderson.   From a judgment of conviction, the defendant appeals.   *Reversed.*

*Condo & Browne,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the state.

LAIRY, J.—Appellant was charged in the Grant Circuit Court with the offense of keeping a place where intoxicating liquors were sold and given away as defined by statute. §2498 Burns 1914, Acts 1905 p. 584, 723. A trial resulted in a conviction. The only error presented on appeal is the action of the trial court in overruling appellant's motion for a new trial.

On the trial appellant proved by the record of the city court of the city of Marion that on March 15, 1916, he was convicted by that court on an affidavit pending therein by which he was charged with the offense of keeping, running and operating a place where intoxicating liquors were sold, bartered and given away in violation of the laws of the State of Indiana. §8351 Burns 1914, Acts 1907 p. 689. The evidence shows that the place where intoxicating liquors were sold contrary to the laws of the State of Indiana as charged in the first affidavit, under which appellant was convicted, was the same place that appellant is charged with keeping, where intoxicating liquors were sold within one mile of the soldiers' home, under the affidavit on which he was tried in this case. The time at which the place was kept, run and operated, as fixed by the first affidavit, was on or about February 15, 1916; and the time at which the place was conducted and kept, as fixed by the second affidavit, was on or about November 20, 1916.

Under §8351, *supra,* the keeping, running and operating of the place where intoxicating liquors are sold in violation of law is a continuing offense. *Don-*

1. *ovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Dugan* v. *State* (1918), *ante* 32, 118 N. E. 307; *Woodworth* v. *State* (1916), 185 Ind. 582, 114

N. E. 86. It has been held that the continuous keeping of a gaming house or of a bawdyhouse constitutes one indivisible offense punishable by a single prosecution; and that a conviction for keeping such a place is a bar to all other prosecutions for the continuous keeping of the place at any time prior to the return of the indictment upon which the conviction was based. *State* v. *Lindley* (1860), 14 Ind. 430; *Freeman* v. *State* (1889), 119 Ind. 501, 21 N. E. 1101.

Under §8351, *supra*, the keeping and operating of the place where intoxicating liquors are sold in violation of the laws of the state is the gravamen of the offense. No specific sale need be charged or proved in order to sustain a conviction. The material facts essential to guilt are that the defendant keeps and operates the place, and that intoxicating liquors are sold there in violation of the laws of the State of Indiana. It is not necessary to charge under this statute that sales were made in violation of any specific statute of the state; all kinds of unlawful sales are admissible in support of the charge. *Donovan* v. *State, supra.*

Under §2498, *supra*, the keeping and operating of the place where intoxicating liquors were sold within one mile of a military home was the gravamen of the offense. If intoxicating liquors were sold at a place kept or operated within the prescribed area, all such sales would necessarily be in violation of the law of the State of Indiana. It is conceded that all of the evidence introduced in this case to show that liquor was sold at the place kept and operated by appellant related to a time prior to the filing of the first affidavit. In fact such evidence was identical with the evidence upon which appellant was convicted under the first affidavit. Appellant asserts that he has been once

convicted for the offense charged in the indictment filed
in this case and that presents the only question to be de-
cided by this appeal.   Appellant was convicted of keep-
ing and operating a place where intoxicating liquors
were sold contrary to the laws of the state at a time
within two years prior to February. 15, 1916.   Can he
be subsequently convicted on the same facts of keeping
and operating the same place where intoxicating liquors
were sold within one mile of the Marion branch of the
National Military Home, at a time prior to February 15,
1916?

In determining whether both affidavits charge the
same offense, the test generally applied is that, when
the facts necessary to convict on the second
4.  prosecution would necessarily have convicted on
the first, a final judgment on the first prosecution
will be a bar to the second; but if the facts necessary to
a conviction on the second prosecution would not neces-
sarily have convicted under the first, then the first will
not be a bar to the second although the offenses charged
may have been committed by the same state of facts.   8
R. C. L. 143, and cases cited.   Applying the rule thus
announced, as a test, to the case in hand, it appears that
it was necessary to establish two facts as the essential
elements of the offense charged by the first affidavit:
(1) That the accused kept a place where intoxicating
liquors were sold, and (2) that such sales of liquor were
made in violation of some law of the state.   Assuming
the first element as stated to be established, would proof
that the place was located within one mile of the mili-
tary home be sufficient, without other proof to show
that the sales of liquor were made in violation of a law
of the state?   An affirmative answer to this question

would result in a holding that the later prosecution was barred by the first, but a negative answer would lead to the opposite conclusion. Any sale of intoxicating liquor made within one mile of a national military home is made in violation of law. Section 2498, *supra,* provides: "It shall be unlawful for any * * * person * * * to conduct or keep a saloon, or other place where intoxicating liquors are sold, or *to sell or give away such intoxicating liquors within one mile of any national * * * military home * * * within the State of Indiana."

It is clear that evidence showing that appellant kept a place where intoxicating liquors were sold within one mile of the National Military Home at Marion, Indiana, without other proof, would have sustained a conviction on the first affidavit based on §8351, *supra,* wherein appellant was charged with operating a place where intoxicating liquors were sold in violation of the laws of the state. It must therefore be held that the first prosecution was a bar to the second and that a verdict finding appellant guilty is contrary to law. The case of *State* v. *Gapen* (1896), 17 Ind. App. 524, 45 N. E. 678, 47 N. E. 25, relied on by the Attorney-General is easily distinguished from the case at bar. In that case a sale of intoxicating liquors without a license so to do as charged in the second prosecution would not have sustained a charge of selling such intoxicating liquor to a minor as charged in the former prosecution. In such a case, the former prosecution is not a bar to the latter even though the evidence in both is directed to one and the same sale. *State* v. *Styner* (1899), 154 Ind. 131, 56 N. E. 98.

The judgment of the trial court is reversed with instructions to sustain appellant's motion for a new trial.

Kawneer Mfg. Co. *v.* Kalter—187 Ind. 90.

NOTE.—Reported in 118 N. E. 567. Intoxicating liquors: right to convict for several violations of liquor law growing out of same facts, 31 L. R. A. (N. S.) 712. See under (4, 5) 12 Cyc 280.