ARROL v. STATE OF INDIANA.

[No. 26,155. Filed October 31, 1934.]

*Hugh Lawrence* and *Joseph N. Fillett,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Assistant Attorney-General, for the State.

HUGHES, C. J.—The appellant was charged, by affidavit in the Miami circut court, for transporting intoxicating liquor in Miami county, in an automobile, on November 6, 1931. He was tried by the court and found guilty as charged, fined $100, and sentenced to the Indiana State Prison for not less than one nor more than two years.

The error assigned is the overruling of appellant's motion for a new trial.

The motion for a new trial assigns four reasons, but

we will only consider the first which is, "That the finding of the court is contrary to law."

It appears from the record that an affidavit had been filed against the appellant in the city court of Peru on November 7, 1931, for transporting intoxicating liquor in Miami county on November 6, 1931. He was found guilty, fined $200 and sentenced to jail for 60 days.

The affidavit in the circuit court was based upon §2720, Burns 1926, and the affidavit filed in the city court was based upon §2717, Burns 1926.

The trial and conviction was first had in the city court and both charges were based upon the same act of transportation.

The question presented in this appeal is that of former jeopardy, the appellant claiming that he can not lawfully be convicted for a violation of §2720, *supra,* defining transportation of intoxicating liquor in an automobile (a felony), when he had already been convicted for transportation under §2717, *supra,* (a misdemeanor), and where it was one and the same transportation.

"No person shall be put in jeopardy twice for the same offense" Article 1, §14, Constitution of Indiana, §66, Burns 1926.

In the case of *Anderson* v. *State* (1918), 187 Ind. 94, 97, 118 N. E. 567, this court said: "In determining whether both affidavits charge the same offense, the test generally applied is that, when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts necessary to a conviction on the second prosecution would not necessarily have convicted under the first, the first will not be a bar to the second although the of-

fenses charged may have been committed by the same state of facts."

In the foregoing case the appellant had been charged in the Grant circuit court with the offense of keeping a place where intoxicating liquors were sold and given away within one mile of a National Military Home. Acts of 1905, §583, p. 723. On the trial, the appellant proved by the record of the city court of Marion that on March 15, 1916, he was convicted by that court on an affidavit by which he was charged with the offense of keeping, running, and operating a place where intoxicating liquors were sold, bartered, and given away in violation of the laws of the State of Indiana 1907, §1, p. 689. The court further said, p. 98: "It is clear that evidence showing that appellant kept a place where intoxicating liquors were sold within one mile of the National Military Home at Marion, Indiana, without other proof, would have sustained a conviction on the first affidavit based on §8351, *supra* (Acts 1907, p. 689), wherein appellant was charged with operating a place where intoxicating liquors were sold in violation of the laws of the state. It must therefore be held that the first prosecution was a bar to the second and that a verdict finding appellant guilty is contrary to law."

In the case of *Bryant* v. *State* (1933), 205 Ind. 372, 379, 186 N. E. 322, the appellant was charged with transportation of intoxicating liquor. The court was requested to instruct the jury that the felony described in §2720, Burns 1926, declaring against the transportation of liquor in a vehicle necessarily includes the misdemeanor of transporting intoxicating liquor described in §2717, Burns 1926, and also requested the court to instruct the jury that where an offense charged includes other offenses, the jury may find the defendant not guilty of the offense charged, and guilty of some included offense. The court refused to so instruct. This

court said: "It is inconceivable that a defendant could be guilty of transporting in a vehicle under the felony statute without also being guilty under the misdemeanor statute. We must conclude that the misdemeanor statute is an included offense under §2313, Burns 1926."

Can it be conceived to be the law, that where one is arrested for transporting intoxicating liquor, that the State, by the prosecuting attorney, may file an affidavit against one under the misdemeanor statute in the circuit court and a conviction be had, and a fine and jail sentence imposed, and then, after the fine is paid and the jail sentence served, another affidavit may be filed against the party charging transportation under the felony statute for the same transportation, and the party so charged be again fined and sentenced to the Indiana State Prison? We cannot conceive this to be the law. It would be a reproach upon the intelligence of the lawmakers to believe that they had such an intention.

It was evidently the intention of the legislature to give the state, by the prosecuting attorney, the right to file a charge against one for transporting intoxicating liquor under the particular section as the facts would warrant, but not under both for the same act of transportation.

In the instant case the gravamen of the charge in the city court was the transportation of intoxicating liquor. In the circuit court, there was the added element of transporting in an automobile. The charge in the circuit court could not have been proven without proving the act of transporting in the misdemeanor case—the same evidence in both cases with the additional evidence in the felony case of transporting in an automobile. Under the rule as laid down in the case of *Anderson* v. *State, supra,* when the facts

necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first will be a bar to the second. We hold in the instant case, that the final judgment in the city court is a bar to the charge filed in the circuit court, and that the finding and judgment in the latter court is contrary to law and should be reversed.

Judgment reversed.