### GROFF *v.* CLARK.

[No. 17,758.   Filed October 2, 1896.]

HARMLESS ERROR.—*Appeal.*—*Elections.*—Where in an election contest, the election returns showed that contestee had received a majority of four votes, it was harmless error to exclude evidence tending to show that two of the votes cast for the contestee were illegal.

From the Marion Circuit Court. *Affirmed.*

*Merrill Moores* and *Harding & Hovey*, for appellant.

*McCullough & Spaan*, for appellee.

HACKNEY, J.—The appellant, Groff, and the appellee, Clark, were opposing candidates for the office of township trustee of Wayne Township, Marion county. The election returns showed that Clark received four votes more than were cast for Groff. Groff contested Clark's election upon the ground that forty-three of the votes cast for him were by inmates of the county poor asylum, which asylum was located in precinct numbered nine, of the township named, and the persons so voting had become such inmates from townships, cities, towns and precincts other than the precinct in which said asylum was located. The evidence disclosed that many inmates of said asylum cast votes at said election in said precinct, and that many of

them went to the asylum from without said precinct. It was proposed to prove, on behalf of the appellant, in one instance, by a clerk of the election board who assisted in preparing the ticket voted by an inmate, that such ticket was voted for the appellee, and, in another instance, by an inmate, that he voted for the appellee. In each instance the trial court sustained the appellee's objection to the offered evidence.

Said two rulings are the only rulings complained of in this court, and the two named were the only instances in which the appellant offered evidence as to the candidate for whom any of said inmates voted.

It will be observed that if it be conceded that the two votes thus questioned were illegal and were cast for the appellant, the appellee would still have held a majority of two votes. If, therefore, the two rulings complained of were admitted to have been erroneous, it is manifest that they were not prejudicial to the appellant.

"The only errors which will warrant the reversal of a judgment are such as affirmatively appear to have prejudiced the substantial rights of the party appealing." Woolen's Digest, Vol. 1, p. 585; *Morningstar* v. *Musser*, 129 Ind. 470; *Chicago, etc., R. W. Co.* v. *Hunter*, 128 Ind. 213; *Rogers* v. *Leyden*, 127 Ind. 50; *Sego* v. *Stoddard*, 136 Ind. 297, 22 L. R. A. 468.

In the latter case, two ballots were in question, but this court, finding that to pass upon them they could not change the result, held that their rejection by the trial court could constitute no available error.

If we should presume in favor of the offer to prove, in the two instances named, we could find no justification in holding that others of those who voted, it may be illegally, voted for the appellee. We conclude, therefore, that the record presents no prejudicial or avail-

able error, and the judgment of the lower court is affirmed.