## Joshua Price v. The State.

### No. 2659.   Decided December 3, 1902.

**1.—Rape of Female Under Fifteen Years of Age—Evidence as to Her Chastity.**

On a trial for rape of a female under the age of 15 years, evidence as to her lack of chastity is inadmissible, as the question of consent or not is not an issue.

**2.—Witnesses—Evidence as to Character.**

Witnesses may be asked if they are not common prostitutes, but they can not be contradicted as to their answer.

**3.—Rape—Charge Limiting the Date of the Act.**

Where the indictment for rape charged it to have been committed on the 25th day of May, but the evidence showed several rapes, and the State, at the instance of defendant, elected the rape committed in February, it was proper for the court in its charge to limit the consideration of the jury to the offense committed in February.

**4.—Charge—Reasonable Doubt.**

Where the court's charge, in one portion, fully and sufficiently covers the law of reasonable doubt as to the whole case, it is not necessary to re-peat the charge of reasonable doubt under each of the other charges.

**5.—Same.**

Where the court has instructed the jury in the charge, that to warrant a conviction they must believe certain specified facts beyond a reasonable doubt, and further added, "if you do not so believe beyond a reasonable

doubt, you will find defendant not guilty;" Held, no error, and not calculated to cause the jury to believe that they must believe defendant innocent beyond a reasonable doubt before they could convict.

**6.—Argument of Counsel.**

Defendant can not be heard to complain of the argument of State's counsel which is in answer to that of his own counsel.

**7.—Rape—Evidence Sufficient.**

See opinion for a concise summary of facts held amply sufficient to support a conviction of rape of a female under 15 years of age, inflicting the death penalty.

Appeal from the District Court of Brazos. Tried below before Hon. J. C. Scott.

Appeal from a conviction of a rape of a female under the age of 15 years; penalty, death.

Appellant was charged by the indictment with the rape of Lilly Price, a female under the age of 15 years. He was also charged in the second count of the indictment with incest, the said Lilly Price being his daughter.

The opinion gives a concise summary of the essential facts proved.

*A. C. Brietz* and *W. T. Young,* for appellant.

*V. B. Hudson,* District Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of rape upon a female under the age of consent, and his punishment assessed at death.

Appellant insists that the court erred in refusing to admit the testimony of Lilly Price, prosecutrix, and her brother, Gus Price, as to her conduct with some young men in Ellis County. Evidence tending to show a lack of chastity on the part of the prosecutrix is only admissible to raise the presumption of consent or not, and, this being a case of rape upon a girl under 15 years of age, that issue is not in the case. We have heretofore held that witnesses may be asked if they are common prostitutes, and the party is bound by the answer of such witness, and can not contradict them. Hall v. State (Texas Crim. App.), 66 S. W. Rep., 783.

Appellant also insists that the court erred in giving the following charge: "If you believe from the evidence in this case beyond a reasonable doubt that the defendant, Joshua Price, in the county of Brazos and State of Texas, on or about the month of February, A. D. 1902, did have carnal knowledge of Lilly Price and did penetrate the female organ of said Lilly Price with his male member or penis, and that said Lilly Price was then and there a female under the age of 15 years, and was not then and there the wife of the defendant Joshua Price, you will find the defendant guilty under the first count of the indictment, and assess his punishment by death or by confinement in the penitentiary for life or for any term of years not less than five."

Appellant insists: (1) That said charge is erroneous, because the jury should have been told that the burden of proof was upon the State, and the State should prove penetration beyond a reasonable doubt before the jury could find defendant guilty of rape. (2) The court in the preceding portion of the charge had limited the conviction of defendant to the act claimed by the State to have been committed in the month of February, 1902, and in the charge herein complained of tells the jury, if they believe certain facts, of which one was the act was committed in the month of February, 1902, they should find defendant guilty on the first count of the indictment, which count charged the offense to have been committed on or about the 25th day of May, 1902; and therefore the charge is conflicting and erroneous. We do not think any of these objections are tenable. From the mere fact that the indictment charged the rape to have been committed on the 25th day of May, 1902, the evidence showing several rapes were proven on the part of the State, and the State having elected to prosecute, under the insistence of appellant, for the rape committed in February, it was proper for the court to limit the consideration of the jury to that offense. Furthermore, other portions of the charge fully covered the reasonable doubt; and it is not necessary to repeat the charge of reasonable doubt under each clause of the charge, but when it is applied to the whole case it is sufficient.

Appellant also insists that the court erred in the following portion of the charge: "If you do not so believe beyond a reasonable doubt, you will find defendant not guilty." This last quoted charge immediately follows the one previously quoted. Appellant insists that the charge is calculated to confuse and mislead the jury, and cause them to believe that they must believe defendant innocent beyond a reasonable doubt before they can convict; that the jury are not required to believe a defendant is not guilty beyond a reasonable doubt before they can acquit him, but that they are only required to believe him guilty beyond a reasonable doubt before they can convict. There is no error in the last quoted portion of the charge.

Appellant further objects to the following portion of the charge: "Rape is the carnal knowledge of a female under the age of 15 years, other than the wife of the person, with or without her consent, and with or without the use of force, threats, or fraud. To constitute the crime of rape it is necessary that penetration be shown, but, if penetration be shown to have actually taken place as a matter of fact, the degree of penetration is immaterial. Penetration, as herein used, means the penetration of the female organ of a female with the male member or penis of a male." Appellant's objection to this charge is that it does not state that penetration must be proven beyond a reasonable doubt. This is the same criticism urged to the first charge above copied. The application of the reasonable doubt in the latter portion of the charge renders unnecessary the placing of the same in each and every clause thereof.

Appellant further insists that the charge should have limited the act committed to the month of February, that being the date elected by the State upon which it would claim the conviction. A previous portion of the charge had done this, and it was not necessary to repeat it in the charge just quoted.

The sixth ground of the motion for new trial complains that the court erred with reference to the concluding argument made by the district attorney. The argument complained of was in answer to the argument of defendant's counsel. Furthermore, there was no special charge requested asking the court to charge the jury to disregard said argument.

The evidence shows that appellant was living at the house of Mrs. M. C. Jones, occupying one room, with his two boys (the oldest about 12 years of age), and prosecutrix, his daughter. The daughter slept in the bed in the room, and appellant and his two sons upon pallets in the room, except when the weather was warm, and then he and his sons slept on the gallery. Mrs. Jones' room adjoined the room occupied by appellant, and there was a door between. There was also a door leading from Mrs. Jones' room and appellant's room to the gallery. On the night in question appellant was seen by Mrs. Jones in the very act of copulation with prosecutrix. Prosecutrix testified to various acts of copulation, and the evidence on the part of prosecutrix shows that all the acts of copulation were committed prior to the time that prosecutrix was 15 years of age. The prosecution is based upon the act committed in February, prosecutrix being 15 years of age in the following August. The circumstances surrounding the case are such as to carry verity upon their face, and go to establish the guilt of appellant. The credibility of the witnesses has been passed upon by the jury. While it is true that appellant has received the severest penalty of the law for this character of crime, yet we can not say that the evidence is not sufficient to support the finding of the jury.

The judgment is affirmed.

*Affirmed.*