THE STATE OF KANSAS V. JESSE TINKLER.

No. 14,514.    (83 Pac. 830.)

SYLLABUS BY THE COURT.

1. RAPE—*Definition*—*"Unlawfully."*    Section 2016 of the General Statutes of 1901 defines a crime against a female under eighteen years of age.    The word "unlawfully" is there used in the sense of "without authority of law," or "not permitted by law."

2. ——— *Evidence*—*Elements of the Crime.*    Evidence that the defendant carnally knew the child, that she was under eighteen years of age and that he was not married to her at the time is sufficient to sustain the charge.

Appeal from Saline district court; ROLLIN R. REES, judge.    Opinion filed November 11, 1905.    Affirmed.

*C. C. Coleman,* attorney-general, and *C. W. Burch,* county attorney, for The State.

*David Ritchie,* and *Corder & Hunt,* for appellant.

The opinion of the court was delivered by

SMITH, J.:    The counsel for the defendant have manifested a commendable degree of zeal and industry, as well as considerable erudition, in their effort to convince this court that the word "unlawfully," as used in section 2016 of the General Statutes of 1901 and in the information in this case, means "denounced as a crime," or "made criminal by a statute of this state."    It is urged that words used in the definition, and in the charging, of crime should be strictly construed; that their meaning should not be stretched to cover a supposititious intent of the legislature, or to make criminal acts that the court might deem it expedient to punish but which are not included in the clearly expressed provisions of the criminal statute. It is said that by no statute other than the one under consideration is sexual intercourse between a single man and a single woman or a female child, which is

not incestuous and is not procured by promise of marriage nor by force, made criminal; hence, that it is not unlawful. To all this, except the conclusion, we assent.

On the other hand the obvious intent and purpose of the law should not be defeated by any hypercritical construction of words. Our rule of construction is prescribed by section 7342 of the General Statutes of 1901, as follows:

"Words . . . shall be construed according to the context and the approved usage of the language; but technical words, . . . and such others as may have acquired a peculiar and appropriate meaning in law, shall be construed according to such peculiar and appropriate meaning."

Judged by either of these tests—"the approved usage of the language" or the "peculiar and appropriate meaning in law"—if, indeed, the word has acquired any peculiar meaning in law, "unlawful" is not synonymous with "criminal." To speak of an act as unlawful is not equivalent to saying that it has been denounced as a crime. Every criminal act is illegal or unlawful, but illegal or unlawful acts may not be criminal. Offenses against public law are criminal; offenses against private rights are merely illegal or unlawful. In law literature we meet the word constantly in the sense of "not authorized or permitted by law;" thus, unlawful interest, unlawful entry (referring to a trespass), etc. In the common-law definition of murder, "the unlawful killing of a human being with malice aforethought," and of manslaughter, "the unlawful killing of a human being without malice," the word is used in the same sense as in section 2016 of the General Statutes of 1901, viz., without legal justification or excuse—without legal authority or right. The word "unlawful" is used in this sense in section 5511 of the Revised Statutes of the United States, as interpreted by the supreme court of the United States in *United States v. Watson,* 17 Fed. 145,

149. (See, also, *Terrell v. State*, 86 Tenn. 523, 531, 8 S. W. 212; *State of Iowa v. Lightfoot*, 107 Iowa, 344, 348, 78 N. W. 41, 42.)

Authorities could be multiplied, but it is unnecessary. It is conceded that this contention has been adversely decided by this court in *The State v. Frazier*, 54 Kan. 719, 39 Pac. 819, which we are asked to reverse. While some expressions in that case might well be modified, we reaffirm the decision. "Unlawfully," as used in section 2016, *supra*, might well be interpreted to mean "without lawful wedlock," and hence without authority of law, or not permitted by law.

The contention that there can be no assault by consent may be admitted. It is not charged that carnal knowledge was procured or accomplished by the assault. The latter is not charged as a manner of committing the crime, in which case the proof would have to conform to the allegation, but it is charged that the defendant did assault, and did carnally and unlawfully know, etc. The charge of assault is unnecessary, and may be regarded as mere surplusage; and, even if proof of an assault be lacking, there is no variance.

Again, it is contended that the information is bad in that "unlawfully" is a conclusion at best, and the facts showing that the act was done unlawfully should have been, but were not, stated. There is some authority sustaining this objection; but the charge was made in substantially the words of the statute, and this, as a general proposition, is sufficient. The defendant was fairly informed of the offense charged against him, and, had he admitted the charge, the court, by an examination of the record alone, could have determined that a thing forbidden by law had been done and the penalty that the law attaches thereto. (*The State v. Gavigan*, 36 Kan. 322, 13 Pac. 554; *The State v. Foster*, 30 Kan. 365, 2 Pac. 628; *The State v. Beverlin*, 30 Kan. 611, 2 Pac. 630.)

It is claimed that the verdict is not supported by sufficient evidence in that it depends upon the testi-

mony of the prosecutrix alone, and that she contradicted herself in different portions of her testimony, and even admitted that on a former hearing she testified to facts she knew to be false. At the common law the evidence of the woman, even an infant prosecutrix, was sufficient, without corroboration, to sustain a conviction of rape. (23 A. & E. Encycl. of L. 884.) Our statute makes no provision on the subject; hence the common-law rule is in force in this state. Were corroboration necessary, however, there was an abundance in this case. The credibility of the evidence, if within the bounds of reason, rests with the jury and trial court, and cannot be considered here.

The defendant appears to have had a fair trial, to have been well defended, and to have been righteously convicted, and the judgment is affirmed.

All the Justices concurring.