THE STATE OF KANSAS, *Appellee*, v. GEORGE LEWIS, *Appellant*.

No. 17,414.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*"Speedy Trial"* — *Continuances* — *Discharge When.* Under section 221 of the criminal code, providing that if a person under indictment or information be not brought to trial before the end of the third term of the court in which the cause is pending he shall be entitled to be discharged unless the delay happened on his application or be occasioned by want of time to try the cause at such third term, it is not essential that an application be specifically for delay in order to forfeit the right to a discharge. It is sufficient if an application on the part of the defendant necessarily and directly cause the delay to happen.

2. ——— *"Speedy Trial," "Application" Defined.* The word application as used in the statute referred to signifies means to accomplish an end and denotes affirmative action, not passive submission.

3. ——— *"Speedy Trial"*—*Delay on Defendant's Application.* In this case the defendant interposed an objection to the authority of a qualified judge *pro tem.* to try him under circumstances rendering a postponement of the trial beyond the term inevitable. *Held,* the delay happened on the defendant's application.

Appeal from Cloud district court. Opinion filed October 7, 1911. Affirmed.

*F. W. Sturges,* and *Fred W. Sturges, jr.,* for the appellant.

*John S. Dawson,* attorney-general, and *A. L. Wilmoth,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendant, George Lewis, was convicted of selling intoxicating liquors, and appeals. He contends that he was not brought to trial before the end of the third term of the court in which the cause was pending after the information was filed, that the delay did not happen on his application and was not occasioned by want of time to try the cause at such third term (Crim. Code, § 221), and consequently that his motion for an order of discharge, filed at the fourth term of court, should have been sustained.

The first term at which the cause was pending was that of September, 1909. He was not then brought to trial and the circumstances were such that this term must be counted in his favor.

The second term was held in January, 1910. The district judge, the Hon. W. T. Dillon, was unable to attend on account of sickness. At a meeting of the members of the bar duly assembled for the purpose a motion was carried to elect a judge *pro tem.* for the purpose of considering all matters that might be by consent of parties or by default called before him. Thereupon C. W. Van De Mark was elected judge *pro tem.* and duly qualified. At that term the defendant objected to the jurisdiction of the court or judge to try him on account of the circumstances of the election of Mr. Van De Mark, in that the judge *pro tem.* had no jurisdiction to try any cause the trial of which was not consented to by both parties. The cause was then continued, the defendant neither consenting nor objecting.

The third term occurred in April, 1910. Judge Dillon was still absent on account of sickness. On

April 4 Mr. Van De Mark was again elected judge *pro tem.*, under the same conditions as before. On April 7 Judge Dillon died and the judge *pro tem.* acted no further. On April 13 the Hon. Jno. C. Hogin was appointed to fill the vacancy. On April 14 he took the oath of office and adjourned court until the 16th. The jury, although drawn, did not come in until April 25, because of the death of Judge Dillon and the appointment of Judge Hogin. After April 25 there was not time to try the defendant before the term closed on April 30. The defendant, however, objected to the jurisdiction of either Judge *pro tem.* Van De Mark or Judge Hogin to try him at the April term, and the cause was continued to the September, 1910, term, the defendant neither consenting nor objecting.

It would seem that after April 16, when the court settled down to business with the new judge presiding, the state might have secured the attendance of the jury before April 25 in order to prevent the defendant's discharge for want of prosecution. It may be, however, that the defendant's objection to the jurisdiction of both the judge *pro tem.* and Judge Hogin caused the state to refrain from pressing the trial, and if so the question arises whether the delay in bringing the defendant to trial until the fourth term happened on his application. This question, however, may be considered to better advantage with reference to the events of the second, or January, 1910, term.

The record is very meager. The necessary implication is that the subject of a trial of the defendant was before the court for consideration, and that to meet the situation the defendant deemed it necessary to interpose an objection on the ground of want of jurisdiction. While the record states that the defendant did not object to trial it shows conclusively that he did object to a trial before the judge *pro tem.* Under the circumstances this was an objection to any trial at all during the incumbency of the judge *pro tem.*, which

The State v. Lewis.

lasted throughout the term. The objection to the juris-
diction of the judge *pro tem.* was not well taken. He
was elected judge *pro tem.* and qualified as such ac-
cording to the statute, and the attempted restrictions
upon his authority were nugatory as a matter of law.
Due delicacy and propriety, however, would necessarily
cause him to decline to sit in any case upon objection
to his doing so being offered, so that the defendant's
objection was certain to be effectual, whether well
founded in law or not, and it was effectual.

The defendant is not entitled to his discharge if "the
delay happened on his application." (Crim. Code,
§ 221.) It is not essential, under this statute, that the
application should be one specifically for delay. It is
sufficient if some application on the part of the de-
fendant necessarily and directly cause the delay to
happen. The word "application" is not to be restricted
to its literal, etymological meaning. In the case of *The
State v. Dewey,* 73 Kan. 739, 741, 88 Pac. 881, it was
said that it signifies means to accomplish an end and
denotes affirmative action, not passive submission. In
this case the defendant's objection was an affirmative
act interposed as a means to prevent a trial before the
judge *pro tem.* A postponement of the trial was in-
evitable, and consequently happened on the defendant's
application.

Throwing out the second term from the computation
the defendant was brought to trial in time and the mo-
tion for his discharge was properly overruled.

The latter part of instruction No. 4 was proper. The
evidence referred to indicated that the defendant was
in a position to satisfy the needs of the thirsty, and
so was relevant to the charges of the count upon which
he was convicted. The case is not one in which evi-
dence of other sales was admitted to bolster up the
transaction upon which the state relied for conviction.

Other assignments of error have been duly consid-

ered, each one upon its merits, and none of them is sufficient to warrant the court in setting aside the verdict and judgment and granting a new trial.

The judgment of the district court is affirmed.