THE STATE, DEFENDANT IN ERROR, v. MICHAEL RUBERTONE, PLAINTIFF IN ERROR.

Submitted March 27, 1916—Decided June 19, 1916.

1. The "grounds for reversal" required by section 136 of the Criminal Procedure act must point out the specific action complained of as erroneous or injurious.
2. In a prosecution for statutory carnal abuse, evidence of specific acts of sexual intercourse by the female with other men is incompetent unless the state tenders the issue that a child was born of an act of intercourse charged against the defendant, in which case defendant is entitled to meet that issue by evidence of intercourse with other men at a time when such child might have been conceived.

---

On error to the Supreme Court.

For the plaintiff in error, *Howard L. Miller.*

For the state, *Charles S. Moore,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J.    The plaintiff in error was convicted in the Atlantic Quarter Sessions of carnal abuse of a female under sixteen years of age.  *Crimes act, Comp. Stat., p.* 1783, § 115. The indictment contained several counts, each charging a different date except the last, which charged divers dates between May 1st, 1912, and the finding of the indictment.  There was a general verdict of guilty, and the case is brought up for review only under section 136 of the Criminal Procedure act. The Supreme Court affirmed the conviction.

The causes for reversal are for the most part general in form and therefore do not point out any specific ruling alleged as error, except as hereafter noticed.  The first is that the court "admitted illegal evidence" over objection; the second, that the court "rejected legal evidence offered by the defendant;" the fourth, that the judge "ordered stricken from the record a number of questions propounded (to) and answers given by Jesse Rothrock, a witness for the defendant;" the fifth, that the judge "misdirected the jury as to the facts;" the sixth and last, that "the verdict is contrary to the law and the evidence."  The statute (section 137 of the Criminal Procedure act), requires that plaintiff in error shall "specify the causes in the record relied upon for relief or reversal  *  *  *  and shall serve a copy of the causes so relied upon" on the prosecutor at least ten days before the term when the cause is to be argued.  Manifestly, the service of these causes for reversal is intended, like the assignment of errors, to give notice of the precise points intended to be made, and none of the causes above quoted gives such notice.  The fourth comes nearest to doing this, for it at least specifies the name of the witness; but it neither says that the court erred as to every question and answer struck out, nor does it indicate which of several such rulings the plaintiff in error intends to attack.

It happens, however, that the same point is raised in effect by cause No. 3, which is that the court refused to allow defendant to offer testimony showing the relations of the complaining witness with other men during the month of September, 1913 (*sic*—1912). The testimony of Rothrock that was stricken out bore on this point. Counsel made an offer to prove sexual relations with other men than defendant, which offer was overruled at the time.

The pertinency of the evidence offered appears from the fact that complaining witness was delivered of a child on June 11th, 1913, of which she claimed the defendant was the father, and that she had testified to intercourse between them in the preceding September, which was one of the dates charged in the indictment. When the offence charged is rape at the common law, where absence of consent is an essential element, the general bad character of the woman for chastity is admissible on the question of consent. *O'Blenis* v. *State,* 47 *N. J. L.* 279; 38 *Cyc.* 1478; *Rosc. Cr. Ev.* 808; 2 *Bish. N. Cr. Pro.,* § 965; but evidence of specific instances of unchastity with other men is ordinarily inadmissible. *Id.,* § 966 (2); 33 *Cyc.* 1479. In a prosecution for carnal abuse under the statute, the element of non-consent is eliminated, so that evidence of sexual intercourse with other men is ordinarily incompetent as introducing an irrelevant issue. But where the state makes the issue by evidence that there was carnal abuse on or about a specific date, and in corroboration undertakes to show, as in this case, that the female was delivered of a child at the end of the normal period of gestation thereafter, and that such child is defendant's child, the defendant is entitled to meet this issue, which if found against him would demonstrate his guilt of the crime alleged, by evidence of intercourse by the female with other men at such a time as would have resulted in the conception of the child attributed to him. *Wig. Ev.,* § 133.

It was therefore error to overrule the attempt to prove that another man had had sexual intercourse with the girl early in September, 1912. This error was cured, however, by the trial judge afterwards reversing the ruling and allow-

ing defendant's counsel to go fully into the matter by the testimony of the same witness. Consequently no legal injury was done to the defendant in this regard.

This is the only error argued and the only one properly specified. The claim that the court's charge did not go fully into the matter just considered is futile in the absence of any request to charge.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.