## BARKER v. STATE OF INDIANA.

[No. 23,133. Filed October 30, 1918. Rehearing denied April 22, 1919.]

1. CRIMINAL LAW.—*Former Jeopardy.*—*Overruling Plea of.*—*Harmless Error.*—Since evidence of former jeopardy is admissible under a plea of not guilty (§2069 Burns 1914, Acts 1905 p. 584, §198), the sustaining of a demurrer to a special plea thereof was not harmful error. p. 266.

2. CRIMINAL LAW.—*Harmful Ruling.*—*Duty to Show Error.*—It is the duty of one who assigns as error the sustaining of a demurrer to a special plea to show that such ruling deprived him of an advantage that was not, or could not be, accorded him under the general issue, since the burden of showing error is on the appellant. p. 267.

3. CRIMINAL LAW.—*Discharge of Defendant.*—*Motion.*—*Sufficiency.*—The defendant's motion for a discharge, under §2091

Burns 1914, Acts 1905 p. 584, §220, because of delay in the trial, was properly denied where the motion failed to show that the delay was not due to his own act, in view of the rule that a party claiming the benefit of a statute must bring himself clearly within its provisions.   p. 267.

4.   CRIMINAL LAW.—*Appeal.—Briefs.—Sufficiency.*—The rules of the Supreme Court require that the appellant's brief 'shall be so prepared that the questions presented can be intelligently considered by the court without resort to the record; and all questions in the presentation of which there has not been a good-faith effort to comply with such rules will be deemed as waived.   p. 268.

5.   CRIMINAL LAW.—*Appeal.—Briefs.—Condensed Recital of Evidence.*—Where, from information contained in the appellant's brief, it may be assumed that causes in a motion for new trial are based on §2158, cl. 9, Burns 1914, Acts 1905 p. 584, §282, which provides that a new trial shall be granted when the verdict of the jury is contrary to law, or is not sustained by sufficient evidence, the court on appeal, under the fifth clause of Rule 22, will look to the appellant's condensed recital of the evidence in the consideration of such question.   p. 268.

6.   CRIMINAL LAW.—*Appeal.—Briefs.—Sufficiency.*—The conclusions of counsel as to the facts established by the evidence is insufficient to present the question of the sufficiency of the evidence to sustain the verdict under Rule 22 of the Supreme Court, which requires a condensed recital of the evidence in narrative form.   p. 269.

7.   CRIMINAL LAW.—*Appeal.—Briefs.*—In presenting the question of the sufficiency of the evidence, it is the appellant's duty to point out wherein the evidence is insufficient to support the verdict.   p. 269.

8.   CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Verdict.*—In determining the sufficiency of the evidence to support the verdict, the Supreme Court will not weigh conflicting evidence, but will consider only the evidence most favorable to the appellee.   p. 269.

9.   CRIMINAL LAW.—*Instructions.—Given and Refused.*—Tendered instructions that were covered by others given were properly refused.   p. 270.

10.   CRIMINAL LAW.—*Instructions Contrary to Evidence.—Refusal.*—Instructions assuming that there was no evidence tending to show that an accused's reputation for truth, veracity, and moral character was not good, were properly refused where three witnesses had testified that his reputation for morality was bad.   p. 270.

11.   CRIMINAL LAW.—*Appeal.—Briefs.—Reasons for Giving Re-*

*quested Instruction.*—Alleged error in the refusal of an instruction relative to the misconduct of counsel presents no question for review where the appellant's brief contains no statement of the record showing any reason for the giving of such instruction. p. 270.

12. CRIMINAL LAW.—*Evidence.*—*Previous Acts.*—*Admissibility.* —In a prosecution of a defendant, under Acts 1907 p. 85, for having carnal knowledge of a female child under sixteen years of age, there was no error in permitting the prosecuting witness to answer questions as to other acts of intercourse had with the defendant within the period of two years previous to the date alleged in the indictment, such evidence being admissible to show the lustful disposition of the defendant and the existence and continuance of the illicit relation. p. 271.

13. RAPE.—*Evidence.*—*Want of Chastity.*—*Specific Acts.*—In a prosecution of a defendant, under Acts 1907 p. 85, for having carnal knowledge of a female child under sixteen years of age, it was not error to refuse to permit the prosecuting witness to answer, on cross-examination, questions as to whether she had ever had sexual intercourse with persons other than the defendant previously to a certain date, such evidence not being admissible as a defense to the charge, or as tending to show her chastity or unchastity or whether the offense charged was with or without her consent. p. 272.

14. CRIMINAL LAW.—*Former Jeopardy.*—*Burden of Proof.*—A former acquittal is in the nature of an affirmative defense, and the burden of proving it is on the defendant. p. 273.

15. CRIMINAL LAW.—*Former Jeopardy.*—A defendant in a criminal prosecution who has pleaded not guilty to a valid indictment, and has been acquitted in a trial before a jury lawfully empaneled and sworn, cannot be legally tried again for the same offense. p. 274.

16. CRIMINAL LAW.—*Former Jeopardy.*—The acquittal of an accused in a criminal proceeding is not a bar to a second prosecution where the facts necessary to a conviction therein would not necessarily have convicted in the former prosecution. p. 274.

17. RAPE.—*Separate Offenses.* —*Statute.*— *Construction.*— Each act of intercourse with a female child under the age of sixteen, under Acts 1907 p. 85, constitutes a distinct offense. p. 274.

From Pulaski Circuit Court; *William C. Pentecost,* Judge.

Prosecution by the State of Indiana against Nathan T. Barker. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Caleb W. Barker* and *McConnell, Jenkines & Jenkines,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Thomas H. Branaman* and *James A. Dilts,* for the state.

MYERS, C. J.—Appellant was indicted, tried and convicted on an indictment which charged him with carnal knowledge of a female child under sixteen years of age. Acts 1907 p. 85, §2250 Burns 1908. The indictment was returned April 23, 1913, and alleged that the offense was committed on or about July 26, 1912. To this indictment appellant pleaded specially, averring in substance that on April 23, 1913, two indictments were returned against him, both for criminal assault upon the same person, one charging the offense as having been committed on or about January 1, 1909, and the other on or about July 26, 1912; that he was arrested, tried before a jury, and acquitted of the offense charged as of January 1, 1909; that the state in the trial of that cause introduced evidence and facts before the jury touching all times and dates without reference to the time and date laid in the indictment, and also interrogated and cross-examined this appellant generally as to whether he was guilty of the offense charged; that the evidence to prove the charge in the present indictment will be the same and no wise different from that produced against him at the former trial. A demurrer to this answer for want of facts was sustained, and this ruling is assigned as error.

Whatever may be said for or against the sufficiency of this answer is immaterial, for, under the recent holdings of this court, it is unnecessary for us to determine the sufficiency of a special plea where the evidence to support the same is admissible under the general issue. *Lucas* v. *State* (1909), 173 Ind. 302, 90 N. E. 305; *Williams* v. *State* (1907), 169 Ind. 384,

1.

83 N. E. 790; *Boxell* v. *Bright Nat. Bank* (1915), 184 Ind. 631, 634, 112 N. E. 3; L. R. A. 1917A 1235, note. Former jeopardy was the theory of this answer, and, while our Criminal Code authorizes any matter of defense to be pleaded specially, yet it also provides that a defendant in a criminal prosecution under a plea of not guilty may prove on the trial that he has before had judgment of acquittal for the same offense. ' Acts 1905 p. 584, §198, §2069 Burns 1914.

Appellant has failed to point out any advantage to which he was entitled under his special plea that was not, or could not properly have been accorded him,

2. under the general issue. The burden is on him to show that the ruling of which he complains was harmful, and, failing so to do, his contention must be denied. *Groff* v. *Clark* (1896), 146 Ind. 52, 44 N. E. 803; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 623, 103 N. E. 652; *Ward* v. *State* (1912), 179 Ind. 524, 101 N. E. 809; *City of Terre Haute* v. *Lauda* (1914), 58 Ind. App. 480, 108 N. E. 392.

Appellant's motion for a discharge under the provisions of §2091 Burns 1914, Acts 1905 p. 584, §220, was overruled and this ruling he assigns as error.

It is well settled in this state that where a party seeks the benefit of a statute he must bring himself clearly within its provisions. *Woodward* v. *State* (1910),

3. 174 Ind. 743, 93 N. E. 169; *Town of Windfall City* v. *State, ex rel.* (1910), 174 Ind. 311, 313, 92 N. E. 57; *Blair* v. *City of Fort Wayne* (1912), 51 Ind. App. 652, 657, 98 N. E. 736. In this case the motion fails to show that his trial was not delayed by his own act. This omission was fatal to the motion, and the ruling of the trial court must be sustained. *Klein* v. *State* (1901), 157 Ind. 146, 60 N. E. 1036; *City of Fort Wayne* v. *Bender* (1914), 57 Ind. App. 689, 105 N. E. 949.

Appellant next insists that the court erred in overruling his motion for a new trial.

His brief does not contain a copy of the motion or a statement from which all the questions sought to be presented may be intelligently considered without going to the record. In *Dorsey* v. *State* (1912), 179 Ind. 531, 100 N. E. 369, it is said: "The rules of this court contemplate that appellant's brief shall be so prepared that each judge, by a consideration of the brief alone, and without examining the transcript, may intelligently consider each question presented. The rules further contemplate that the points on which appellant relies, must be definitely and specifically stated." From appellant's brief we learn that his motion for a new trial contains ninety-eight reasons or specifications of error, but we will consider only those where it appears that a good-faith effort has been made to present them. As to all others it must be understood that we regard them as having been waived.

He begins his statement of the motion by saying, "The first, second, third and fourth are statutory." Then follows a reference to the page and line of the record where we assume the causes relied on may be found. Under the heading, "Propositions and Points by which Appellant Seeks a Reversal of the Judgment of Conviction," and referring to the overruling of his motion for a new trial, he makes the following points: "The verdict of the jury is contrary to and not sustained by the law or evidence." Also, "The absence of evidence in a criminal case may of itself be sufficient to entitle the defendant to go acquit." In his argument he asserts that the evidence is wholly insufficient to sustain the verdict. Following this assertion, he gives a history of the case leading up to the return of the indictment upon which he was tried and convicted. If from this information we may assume that the first,

second, third and fourth causes in appellant's motion are based on clause 9, §2158 Burns 1914, Acts 1905 p. 584, §282, which provides that a new trial shall be granted when the verdict of the jury is contrary to law, or is not sustained by sufficient evidence, then it would be our duty to look to appellant's condensed recital of the evidence as required by Rule 22, clause 5.

Turning to the evidence furnished in compliance with this rule, we find the names of many witnesses whose testimony, instead of being set forth in narrative form, is for the most part the conclusions of counsel. This is not sufficient. *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85. These conclusions must be eliminated and can have no controlling force in determining the questions thus sought to be presented. However, we are advised from the evidence submitted, and which we may consider, that there is irreconcilable conflict in the testimony given at the trial by the prosecuting witness and that detailed to the jury by the appellant. In some particulars the testimony of both are slightly corroborated. Appellant has not assumed the responsibility of pointing out wherein the evidence is insufficient to support the verdict. This he should have done. *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772. But from our examination of the evidence set forth in appellant's brief and by reference to the record, we conclude that the verdict is not without evidence to support it, and is not for that reason contrary to law. It is our province to consider only the evidence most favorable to appellee (*Reitz* v. *Hodgins* [1916], 185 Ind. 163, 112 N. E. 386; *Pittsburgh, etc., R. Co.* v. *Pence* [1916], 185 Ind. 495, 113 N. E. 7), and this done, we must conclude that the question of guilt or innocence of appellant was for the jury. This court's opinion on the weight of the evidence, or on the conclusion of the jury, will not, under

the well-settled rules of law, justify us in disturbing the judgment of the trial court. *McKeen* v. *A. T. Bowen & Co.* (1914), 182 Ind. 333, 341, 106 N. E. 529; *American, etc., Tin Plate Co.* v. *Reason* (1915), 184 Ind. 125, 110 N. E. 660; *Caldwell* v. *Ulsh* (1915), 184 Ind. 725, 734, 112 N. E. 518; *People* v. *Deatrick* (1916), 30 Cal. App. 507, 159 Pac. 175; *Parmalee* v. *State* (1916), 99 Neb. 598, 157 N. W. 1010; *State* v. *Bragdon* (1917), 136 Minn. 348, 162 N. W. 465; *People* v. *Edwards* (1916), 173 App. Div. 375, 159 N. Y. Supp. 410; *State* v. *Gaimos* (1916), 53 Mont. 118, 162 Pac. 596; *State* v. *Smith* (1917), 95 Wash. 271, 163 Pac. 759; *State* v. *Tinkler* (1905), 72 Kan. 262, 83 Pac. 830.

Our attention will be next given to the action of the court in refusing to give the jury certain instructions tendered by appellant. These instructions, nine in number, we have carefully read, and have compared them with those given to the jury. From this investigation we conclude that all the instructions so tendered and refused were fully covered by the instructions given except two, one of which was on the subject of the presumption of law as applied to good moral character and to the benefit of which an accused on trial is entitled. This instruction assumes that no evidence was introduced at the trial tending to show that the reputation of appellant for truth and veracity and moral character was not good. The record discloses the names of three witnesses who testified that appellant's reputation for morality was bad. This instruction was not pertinent to the evidence, and no error intervened by refusing to give it.

The other of the two instructions was on the subject of misconduct of John M. Spangler while closing the argument for the state. Appellant's brief contains no statement of the record showing any reason for giving this instruction. Consequently

no question is presented for our consideration. *Dorsey* v. *State, supra.*

Nor did the court err in refusing to give the other instruction. *Waldon* v. *State* (1914), 182 Ind. 112, 104 N. E. 300; *Thain* v. *State* (1914), 182 Ind. 345, 353, 106 N. E. 690; *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 136, 108 N. E. 5, 110 N. E. 662.

It is also contended that the court erred in permitting the prosecuting witness over appellant's objections to answer questions propounded by the state relat-

12. ing to his carnal knowledge of the witness prior to the date of the offense fixed in the indictment. The substance of the answers was that such relations occurred many times, not less than once a week covering a period of about four years. The objection was put upon the ground that the state having by its evidence fixed a date, July 26, 1912, as the date of the offense, it thereby elected to prosecute the defendant for the alleged crime of that date, and proof of other acts of sexual intercourse between the prosecuting witness and the defendant upon other dates, which are statements of separate offenses against the law, were improper. The question of the competency of this evidence was also saved by motions timely interposed to strike out. These motions, over appellant's objections and exceptions, were overruled. These rulings are questioned. As a general rule it may be said that, on the trial of a person accused of crime, proof of other offenses are inadmissible unless they are a part of the *res gestae.* 8 R. C. L. 198, §194; *People* v. *Thompson* (1914), 212 N. Y. 249, 106 N. E. 78. However, the rule in the class of cases to which the one at bar belongs is well stated in 16 C. J. 608, §1194, where it is said: "The general rule that evidence of other crimes is inadmissible does not apply to proof of other acts of sexual intercourse between the parties in statutory rape cases, that is, in

prosecutions for rape on a female under the age of consent, or on a woman imbecile, even though such other acts constitute separate and distinct crimes. Provided they are not too remote in time or otherwise, such other acts are relevant and admissible to show the lustful disposition of defendant as well as to show the existence and continuance of the illicit relation, to characterize and explain the act charged and to corroborate the testimony of the prosecutrix as to that act." See, also, *People* v. *Gray* (1911), 251 Ill. 431, 96 N. E. 268; *People* v. *Thompson, supra; State* v. *Hurd* (1897), 101 Iowa 391, 70 N. W. 613; *Morgan* v. *Commonwealth* (1916), 172 Ky. 684, 189 S. W. 943; 33 Cyc 1483.

It is also contended that the trial court erred in refusing to permit the prosecutrix to answer on cross-examination questions with reference to whether or not she had ever had sexual intercourse with anyone prior to January, 1909. In support of this contention appellant makes the point that want of chastity of a child under the age of consent must be shown by specific acts, citing 33 Cyc 1481. This authority does state that specific acts with others than the defendant may be shown to rebut certain corroborating circumstances, but in this case none of the circumstances there mentioned are claimed to be present. This court in *Harper* v. *State* (1916), 185 Ind. 322, 114 N. E. 4, held such evidence admissible to explain incriminating circumstances proved by the state in corroboration of the prosecuting witness and for no other purpose. See, also, *State* v. *Rubertone* (1916), 89 N. J. Law 285, 98 Atl. 253. Cases may be found where specific acts tending to prove an unchaste character were admitted in evidence, but in all of these cases such evidence was admitted on the ground that previous chastity was put in issue by the charge in compliance with the statute defining the offense. *Woodruff* v. *State* (1904), 72 Neb.

815, 101 N. W. 1114; *State* v. *Kelley* (1905), 191 Mo. 680, 90 S. W. 834. The indictment in this case tendered no such issue, nor does the statute under which the in- dictment was drawn make previous chastity an element of the offense. The object desired by the introduction of the proposed testimony is not stated, but if the purpose of the questions to the witness was to show specific acts of sexual intercourse with other men as a defense to the charge, or as tending to show her general chastity or unchastity, or whether the sexual acts with appellant were with or without her consent, the evidence was properly excluded. *Heath* v. *State* (1909), 173 Ind. 296, 90 N. E. 310, 21 Ann. Cas. 1056; *Kidwell* v. *State* (1878), 63 Ind. 384; *State* v. *Smith* (1904), 18 S. D. 341, 100 N. W. 740; *Price* v. *State* (1902), 44 Tex. Cr. R. 304, 70 S. W. 966; *State* v. *Hilberg* (1900), 22 Utah 27, 61 Pac. 215; *State* v. *Williamson* (1900), 22 Utah 248, 62 Pac. 1022, 83 Am. St. 780

Appellant, in support of his defense of former acquittal, offered in evidence an indictment returned in the Pulaski Circuit Court, charging appellant on or about January 1, 1909, with having had carnal knowledge of the prosecutrix in the present case, and with the offense defined by §1 of an act approved February 26, 1907, Acts 1907 p. 85, *supra;* also an order-book entry of the Pulaski Circuit Court showing a return of the indictment in that court. An objection to the introduction of this evidence was sustained. What we may here say in disposing of the question on the admissibility of this evidence applies also to appellant's special plea.

A former acquittal is in the nature of an affirmative defense, and the burden of proving it was on the defendant. *State* v. *Williams* (1906), 43 Wash. 505, 14. 86 Pac. 847. It is no longer a question in this

state that when a defendant in a criminal prosecution who has entered a plea of not guilty is put on trial on a valid indictment before a jury lawfully impaneled and sworn, and a verdict of acquittal is returned, as claimed in this case, he cannot legally be tried again for the same offense. *Leach* v. *State* (1911), 177 Ind. 234, 97 N. E. 792; *Morgan* v. *State* (1859), 13 Ind. 215. It is equally well settled that where the facts necessary to a conviction upon a second prosecution would not necessarily have convicted upon the first prosecution, then such acquittal would not be a bar to a second prosecution. *State* v. *Reed* (1907), 168 Ind. 588, 81 N. E. 571; *Wilson* v. *State* (1855), 24 Conn. 57. In *Smith* v. *State* (1882), 85 Ind. 553, 557, it is said: "The true test to determine the sufficiency or insufficiency of a plea of former acquittal as a bar to the pending prosecution, is this, Would the same evidence be necessary to secure a conviction in the pending, as in the former, prosecution? If it would be, then the plea of former acquittal would be a complete bar to the pending prosecution; otherwise, the plea would not be sufficient."

It clearly appears from the indictment which appellant sought to introduce in evidence that the crime charged therein was committed on or about January 1, 1909, or more than two and one-half years prior to the commission of the alleged offense as laid in the present indictment, and relied on for a conviction as shown by the evidence. Granting that appellant was formerly tried and acquitted of the alleged offense of 1909, we are not persuaded, and it does not appear that the evidence introduced in that case would be sufficient to support a conviction of the charge in the present case. For aught appearing, we must take it for granted that the evidence admitted at the former trial tended only to prove guilt or innocence of the accused

at the time charged in the indictment. If that be true, and the statute offended be construed as making each of the alleged acts of sexual intercourse with the prosecutrix, who is shown to be under age of consent, a distinct offense, and we so construe it, then relevancy of the proposed evidence is not shown, and the ruling thereon would not be erroneous. The indictments under consideration each contain a single count and each rely upon a single offense, identified as January 1, 1909, and July 26, 1912. Under this showing of the record the state must convict, if at all, for the offense as laid. The evidence of other acts of the character charged in the indictments were admitted in evidence, not to prove independent offenses, but for the purpose of showing the relationship existing between the parties. The materiality of this evidence should be limited and clearly explained by instructions to the jury. For it is clear that "One rape cannot be included in another any more than one forgery or one murder can be included in another." *State* v. *Gaimos, supra.* The offense here charged is not a continuing one, as, for example, the operating of a place where intoxicating liquors are sold in violation of law. *Freeman* v. *State* (1889), 119 Ind. 501, 21 N. E. 1101; *Anderson* v. *State* (1917), 187 Ind. 94, 118 N. E. 567; *State* v. *Lindley* (1860), 14 Ind. 430.

The case of *State* v. *Healy* (1917), 136 Minn. 264, 161 N. W. 590, L. R. A. 1917D 726, in many material respects is not unlike the case at bar. The same question as here was presented and considered, and the court held that: "The acquittal of the defendant for the offense (rape) of January 16, 1914, is not a bar to the present prosecution for the offense (rape) of July 16, 1914."

No reversible error has been pointed out, and the judgment is therefore affirmed.

NOTE.—Reported in 120 N. E. 593. Rape: evidence, .acts of familiarity or intimacy between prosecutrix and defendant, 11 Ann. Cas. 672. See under (12) 33 Cyc 1483; (13) 33 Cyc 1481; (14) 16 C. J. 425; (16) 16 C. J. 265.