ALYEA v. STATE OF INDIANA.

[No. 24,903.    Filed June 23, 1926.    Rehearing denied October 27, 1926.]

1.  CRIMINAL LAW.—*Delay in prosecution does not require discharge of defendant unless it is shown that the delay was not caused by him.*—In order to be discharged under §2252 Burns 1926, §2091 Burns 1914, for delay in the prosecution, the defendant must show that the delay of which he complains was not caused, either directly or indirectly, by him or by some act of his.    p. 367.

2.  CRIMINAL LAW.—*Delay in prosecution entitling defendant to discharge must be delay of the state or its officers, and not contributed to by defendant himself.*—Delay in the prosecution which entitles a defendant to a discharge under §2252 Burns 1926, §2091 Burns 1914, must be a delay by the state or its officers, and not delay which was contributed to by the defendant himself.    Any delay incident to the taking of a change of venue by the defendant cannot be charged to the state. p. 367.

3.  CRIMINAL LAW.—*Burden is on defendant to prove identity of the two offenses on plea of former jeopardy.*—On a plea of former jeopardy, the burden is on the defendant to show the identity of the two offenses, and it is not always a sufficient showing of a former jeopardy to plead a former conviction or acquittal and produce a record showing it, but the accused must show by other evidence that it was identically the same offense for which he is being prosecuted a second time. p. 367.

4.  INTOXICATING LIQUORS.—*Prosecution for maintaining liquor nuisance would not bar prosecution for selling intoxicating*

Alyea *v.* State—198 Ind. 364.

*liquor at same time and place.*—A prosecution for the maintenance of a liquor nuisance as defined in §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921) would not constitute a bar to a subsequent prosecution for the sale of intoxicating liquor at the same time and place in violation of §4 of the same act.  p. 368.

5. CRIMINAL LAW.—*Defendant not entitled to separate trial of issue of former jeopardy under plea of not guilty.*—A defendant whose plea of former jeopardy has been held insufficient on demurrer may make such defense under the general issue of not guilty, but he is not entitled to a separate trial of the issue of former jeopardy under a plea of not guilty, and a motion for a separate trial of that issue was properly overruled.  p. 368.

6. CRIMINAL LAW.—*Facts recited in a motion must be proved the same as allegations in other pleadings.*—Although, under §2332 Burns 1926, a motion is a part of the record without a bill of exceptions, the facts recited therein must be proved the same as the allegations in any other form of pleading.  p. 370.

7. CRIMINAL LAW.—In the absence of a showing that the trial court erred in holding that allegations of motion for discharge on account of delay in prosecution were untrue, the ruling must be presumed to be correct.  p. 371.

8. CRIMINAL LAW.—The presumption in favor of the rulings and judgment of the trial court continues until overthrown by an affirmative showing on the part of the party claiming error.  p. 372.

From Rush Circuit Court; *Fremont Miller,* Special Judge.

Gregg Alyea was convicted on the charge of selling intoxicating liquor, and he appeals.  *Affirmed.*

*Hugh D. Wickens* and *Frank Hamilton,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted upon an affidavit charging him with the unlawful sale of intoxicating liquor on or about December 1, 1922, at and in the county of Decatur, State of Indiana, to one Arthur Springmire, in violation of §8356d Burns' Supp. 1921, Acts 1921 p. 736.

The affidavit was filed in Decatur county, and a change of venue was taken to the Rush Circuit Court, where the trial was had. The defendant waived arraignment and entered a plea of not guilty and on December 11, 1924, he was tried by the court without a jury. The court found him guilty as charged and assessed his fine in the sum of $200. A motion for a new trial was made and overruled and the court entered a judgment against appellant on the finding, that he be fined in the sum of $200 and pay the costs. From such judgment, this appeal is taken.

The appellant presents but two questions to this court for its consideration. The first is the appellant claims that under §2252 Burns 1926, §2091 Burns 1914, he was entitled to a discharge because of the unnecessary delay of the state in prosecuting the case. The record shows that the affidavit under which appellant is prosecuted was filed April 3, 1923. On April 20, 1923, the appellant filed a motion to quash the affidavit. May 3, 1923, the motion to quash was overruled. September 19, 1923, appellant filed a motion for a change of venue from the county. On October 25, 1923, the motion for a change of venue was sustained and ten days given defendant in which to perfect said change. On December 7, 1923, the papers and transcript were received by the clerk of the Rush Circuit Court, Rushville, Indiana. On September 19, 1924, being the seventeenth judicial day of the September term of the Rush Circuit Court, the defendant filed an affidavit and motion for a change of venue from the judge, which motion was sustained. On September 24, 1924, the parties having failed to agree on a special judge, the court presented names from which the prosecuting attorney and the attorney for defendant struck and left the name of Fremont Miller, as special judge to try the case. On December 11, 1924,

said special judge, Miller, qualified and assumed jurisdiction in the case. And on the same day appellant filed a motion to be discharged on account of the delay in the trial. The motion to be discharged on account of delay was overruled. The defendant then filed an amended answer of former jeopardy. To the amended answer of former jeopardy, the prosecuting attorney filed a demurrer which was sustained. The rulings of the court on this motion and on this demurrer are assigned as error.

In order for the appellant to take advantage of §2252 Burns 1926, he must show facts which bring him within the provisions of that statute. *Woodward* v.

1, 2.  *State* (1910), 174 Ind. 743, 93 N. E. 169, Ann. Cas. 1913A 49.  He must show that the delay of which he complains was not caused either directly or indirectly by him or by some act of his.  *Klein* v. *State* (1901), 157 Ind. 146, 60 N. E. 1036.  The delay which entitles the defendant to a discharge under this statute must be a delay by the state or its officers and such delay as was not contributed to by defendant himself.  Any delay incident to the taking of a change of venue by defendant cannot be charged to the state. *State* v. *Farrar* (1921), 206 Mo. App. 339, 227 S. W. 1078; *Ex parte Tramner* (1912), 35 Nev. 56, 126 Pac. 337, 41 L. R. A. (N. S.) 1095; *State* v. *Stilwell* (1921), 100 Ore. 637, 198 Pac. 559; See, also, *People* v. *Hotz* (1913), 261 Ill. 239, 103 N. E. 1007; *State* v. *Lewis* (1911), 85 Kans. 586, 118 Pac. 59; *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593. Appellant has not shown facts that bring him within the statute.

Upon a plea of former acquittal or conviction, the burden of proof is on the defendant to show the identity of the offense, which must be identically the

3.  same as the one for which he was formerly prosecuted. It is not always a sufficient show-

ing of a former conviction or acquittal to constitute a bar to a second prosecution, to plead former jeopardy, and produce a record showing it, but the accused must show by other evidence the identity of the offense, with the one charged in the indictment to which the plea is interposed.

The offense for which the appellant is being tried in the instant case is defined in §8356d Burns' Supp. 1921, Acts 1921 p. 736, being a charge of the unlaw-

4. ful sale of intoxicating liquor. In his plea of former jeopardy, it appears that he was prosecuted for a violation of §20 of the prohibition law of Indiana, Acts 1917 p. 15, §8356t Burns' Supp. 1921. This section defines the offense of maintaining a nuisance. The sections of statute under which these actions are brought are entirely different, and it appears upon the face of the plea of former jeopardy that they are not the same offenses, therefore, the court properly sustained the demurrer to the plea. A conviction or acquittal for a violation of §20 of the prohibition act is no bar to a prosecution for the unlawful sale of intoxicating liquor.

Appellant contends that the court erred in overruling his motion to have the issue of former jeopardy tried separately under the general plea of not guilty.

5. This contention cannot be sustained. The statute provides that the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it any matter of defense may be proved. In *Clem* v. *State* (1873), 42 Ind. 420, 13 Am. Rep. 369, this court held that the statute does not take away from the defendant the right to plead specially any defense which, before that enactment, might have been specially pleaded; and does not impair his right to plead specially in bar the defense of former jeopardy and have the issues joined on such plea tried

separately and apart from the question of guilt or innocence of the crime charged in an indictment or affidavit. This decision was followed in *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405, where the court held that in such case, he had a right to have the issue of former jeopardy tried separately. *Barker* v. *State* (1918), 188 Ind. 263, 120 N. E. 593; *McCoy* v. *State* (1923), 193 Ind. 353, 139 N. E. 587. But we know of no authority, and appellant has cited us to none authorizing a separate trial of former jeopardy under the general plea of not guilty.

In *Clem* v. *State, supra,* the court said: "In this state, we think it is optional with the defendant, whether he will plead a former acquittal or a former conviction specially or give it in evidence under the general issue as authorized by statute. If he elect to plead such defense specially, then it seems that he is entitled to have that issue tried before he is bound to plead the general issue." The court did not err in overruling appellant's motion to have the issue of former jeopardy tried separately under the general plea of not guilty, after the court sustained a demurrer to the special plea.

Judgment affirmed.

Myers, C. J., not participating.

### ON PETITION FOR REHEARING.

WILLOUGHBY, J.—In appellant's brief, he says that the only question he desires to present upon petition for rehearing is the ruling of the court upon the motion to be discharged on account of delay, and asks that this court give careful consideration to this question and consider the facts as disclosed by the record in this case.

Appellant claims that this court inadvertently failed

to consider all of these facts in arriving at its conclusion that appellant fails to show facts which brings him within the provisions of the statute and that the opinion fails to disclose all of the facts shown by the record. He says the record is absolutely silent and fails to disclose any reason or excuse for failing to bring appellant to trial until the eighth term of court after he had been arrested and given bond.

The record shows that on April 3, 1923, being the fiftieth judicial day of the February term, 1923, of the Decatur Circuit Court, an affidavit was filed against the appellant, charging him with the sale of intoxicating liquor. The affidavit is set out on page two of the record and on page three of the record appears the following entry: "And now the court orders bench warrant issued for the arrest of said defendant which the clerk of this court accordingly issues and now the court fixes bail at $500."

The record fails to show that the appellant gave bail or entered into a recognizance of any kind. It is true that the transcript contains the copy of a verified motion by defendant to be discharged on account of delay. In the motion, the appellant alleges that he was arrested by bench warrant issued by said Decatur Circuit Court, Decatur county, Indiana, and thereupon, at said time, said defendant duly entered into a continuing recognizance in said cause in the sum of $500 with surety duly approved by said Decatur Circuit Court, conditioned for the appearance of said defendant in said Decatur Circuit Court from day to day and term to term to answer said indictment and until said defendant should be finally discharged. The motion also alleges that said recognizance is the only recognizance ever entered into in said cause. There is no proof of the facts thus alleged in appellant's affidavit to be discharged. The record as we have

said is silent on the subject and there is no bill of exceptions to show what proof, if any, was offered to support such allegations. The act of 1915, Acts 1915 p. 122, §2332 Burns 1926, makes a motion a part of the record without a bill of exceptions but it does not require the court to take the allegations of fact in such motion as being true unless they have been shown to be true by evidence. Recitals of fact in a motion require proof the same as an allegation of fact in any other pleading or paper.

It further appears by the record in this case that on the filing of the motion of the appellant to be discharged on account of delay, the prosecuting attorney filed a verified answer to such motion, and on the same day, the appellant filed a motion to strike out the verified answer filed by the state to defendant's motion to be discharged, and on the same day, the court overruled appellant's motion to strike out the verified answer of the state to defendant's motion to be discharged. And then the verified motion of defendant to be discharged on account of delay was submitted to the court and overruled, to which defendant at the time excepted. It does not appear from the record what evidence, if any, with the affidavits of the appellant and the prosecutor was submitted to the trial court, but upon such submission, the trial court found in effect that the alleged facts stated in appellant's motion to be discharged were untrue, and there being nothing in the record which affirmatively shows that the trial court erred in such ruling, the ruling must be presumed by this court to be correct. *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169; Elliott, Appellate Procedure §710.

The appellant claims that the decision of this court ignores the former decision of the court in the case of *State* v. *Kuhn* (1900), 154 Ind. 450. The appellant is

mistaken in his contention. *State* v. *Kuhn, supra,* was an appeal from the decision of the trial court which held that the facts stated in the defendant's application to be discharged in that case were true, and this court refused to reverse the decision of the trial court.

In this court, the presumption is in favor of the correctness of the rulings and judgment of the trial court and this presumption continues until overthrown by an affirmative showing on the part of the party claiming error. Ewbank's Manual (2d ed.) §198.

The appellant has not brought himself within the statute, under which he seeks relief. Petition for rehearing denied.

Myers, C. J., not participating.